IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO. 1:21cr140 |
| | ) | |
| Larry Brock | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR RELEASE PENDING APPEAL**

Comes now the defendant Larry Brock and offers the following reply to the government's opposition (ECF 105) to his Motion for Release Pending appeal. The government does not contest that Mr. Brock poses no danger or risk of flight. It does not argue that his appeal is for purposes of delay. However, the government argues that Mr. Brock's anticipated appellate issues do not present "substantial questions of law or fact" and that he has not shown potential reversible error as to all of his counts of conviction. Mr. Brock responds as follows:

### ARGUMENT

I. **Substantial Question of Law or Fact**

   a. **§ 1512**

The government first argues that Mr. Brock's § 1512 appellate issue is not a "substantial question of law or fact" because the Circuit Court has reversed Judge Nichols' dismissal of a January 6 § 1512 count and because "nearly every judge in this District, including this Court, has rejected the challenge." Resp. at 4. In making its argument, the government gives lip service to the Circuit Court's formulation of

substantial question of law as one that "very well could be decided the other way" while ignoring that several district and circuit court judges have already decided that the issue either could or should go "the other way."

The government does not address *United States v. Seefried* where Judge McFadden (who himself refused to dismiss January 6 § 1512 counts) explicitly disagreed with the government's position. 1:21-cr-287-TNM, ECF 151. Judge McFadden stated:

> While the Government collects many district court cases disagreeing with the district judge's *Miller* opinion, that bean counting does not render the question of law raised on appeal insubstantial. On the contrary, the appeal raises a "close question" of statutory interpretation on which reasonable minds can disagree.

*Id*. at 2 (internal citations omitted).

The government also does not engage with the Circuit Court's § 1512 decision in *Fischer* (previously referred to as *Miller*) where two of three judges raised serious doubts about the legal bases of Mr. Brock's § 1512 conviction. 22-3039 (April 7, 2021). Judge Walker would have given § 1512 a different *mens rea* than this Court applied in Mr. Brock's and every other January 6 case. His concurring opinion states that:

> I would give "corruptly" its long-standing meaning. It requires a defendant to act with an intent to procure an unlawful benefit either for himself or for some other person. The defendant must not only know he was obtaining an unlawful benefit, it must also be his objective or purpose. Read that way, corruptly makes sense of (c)(2)'s place in the statutory scheme and avoids rendering it a vague and far-reaching criminal-provision.

*Id*. at 2 (concurring opinion). Judge Katsas, in his dissenting opinion, thought the Court "should have acknowledged that Congress limited the *actus reus* [of § 1512] to conduct that impairs the integrity or availability of evidence." *Id*. at 38 (dissenting opinion).

Although the petition for rehearing is not due until this Friday (Rule 40), the

Circuit Court already seems to be anticipating a rehearing. Contemporaneous with the decision, the Circuit Court issued an April 7 order stating that "on the court's own motion, that the Clerk withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc*."

In sum, contrary to the government's argument that this issue could not possibly go "the other way" it appears that 5 federal judges (Nichols, McFadden, Leon, Walker, Katsas) have already held that it either should or could go the other way. Mr. Brock's § 1512 issue is therefore an exceptionally strong basis on which to seek release pending appeal.

### b. Sentencing Guidelines

In response to Mr. Brock's sentencing guideline § 2J1.2(b)(2) appellate issue, the government takes the same "bean counting" approach rejected by this Court in *Seefried*, merely listing cases that are against Mr. Brock's argument. Resp. at 5. The government does not engage with the reasoning of other members of this Court who have either agreed with Mr. Brock's view or granted release pending appeal in part based on the same issue. *See*, *e.g.*, *Seefried, supra*; *United States v. Rahm*, 1:21-cr-150-RJL, ECF 80. It also does not engage with the Circuit Court level precedent which favors Mr. Brock's position. *United States v. Richardson*, 676 F.3d 491, 502 (5th Cir. 2021).

The § 1512 issue discussed above would itself be a sufficient basis to seek release pending appeal but Mr. Brock's eminently viable argument that his sentencing guidelines were too high only adds further support.

### II. Concurrent Terms of Incarceration

In addition to denying that Mr. Brock's anticipated appellate issues present any

substantial questions of law, the government also argues that Mr. Brock's misdemeanor convictions preclude him from seeking release pending appeal. Resp. at 6-7 (citing *United States v. Perholtz*, 836 F.2d 554 (D.C. 1987). The government argues that Mr. Brock mush show he is likely to achieve reversal for each conviction before seeking release pending appeal

In making this argument, the government is continuing to insist upon an argument that has been twice rejected by this Court. In *Seefried* and *Rahm,* the government argued that those defendants could not be released pending appeal because the defendants had misdemeanor incarceration sentences in addition to the felony sentences. *Seefried*, ECF 149 at 7 (Government Opposition); *Rahm*, ECF 78 at 7-9 (Government Opposition).

The reason why this Court has so far found this government argument unpersuasive is clear. 18 U.S.C. § 3143(b) allows for release pending appeal in several circumstances including where a substantial question of law is likely to result in "reversal" *or* "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of appeals." § 3143(b)(1)(B)(i)-(iv).

In *Perholtz*, (the only DC Circuit court case relied on by the government), the defendant requested appeal under the "reversal" prong of the above statute. The issue before the Circuit Court was whether the anticipated appeal "raise[s] a substantial question likely to result in reversal." 836 F.2d at 555. The Court denied release pending appeal because some of the counts of conviction were not likely to be reversed. *Id*.

Unlike the Appellant in *Perholtz*, Mr. Brock is not relying on the argument that all his counts are likely to be reversed. Instead, Mr. Brock is proceeding under the "reduced sentence" prong of the statute. Mr. Brock argues that the Court's sentencing practices to

date in the January 6 cases make it exceedingly likely that a misdemeanor-only defendant in Mr. Brock's position would receive little or no incarceration. The government does not offer any argument as to why Mr. Brock would receive substantial incarceration if his § 1512 conviction were to be reversed. *Perholtz* is therefore inapplicable and does not control the outcome of his case.

In responding to a substantially identical government argument in *Seefried*, the Court stated as follows:

> []Seefried's three-year sentence is driven by the § 1512(c) conviction. His concurrent sentences for the other counts are twelve months each for Counts 2 and 3 and six months each for Counts 4 and 5. The Court finds that, in light of the current mediate time appeals remain pending in the Circuit, Seefried's sentence absent the obstruction count could be less than the time it takes for the appellate process in Miller to resolve. This is especially true given that Seefried's other counts of conviction would all be misdemeanors if § 1512(c) is found in applicable to his conduct.

ECF 151 at 3 (internal citations omitted). Mr. Brock's case is just like Mr. Seefried's with the exception that Mr. Brock's 24-month sentence is even shorter and therefore that much more likely to expire before his appeals are done.

For all of these reasons, the government's argument that Mr. Brock must show that all of his counts of conviction will be reversed before obtaining release pending appeal is unavailing.

## CONCLUSION

For the foregoing reasons, Mr. Brock respectfully requests this Court to grant him release pending appeal on the same conditions that currently apply.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I have served this filing on the government through the ecf system.

Respectfully Submitted,

By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com
