UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**LARRY BROCK,**<br><br>　　　Defendant. | Case No. 21-cr-140-JDB |

## JOINT STATUS REPORT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, along with Counsel for the defendant, Larry Brock, respectfully submit this joint status report proposing next steps in this case, in response to the Court's order dated Oct. 25, 2024.

### I.　Procedural History

The defendant was charged in a six-count Superseding Indictment that was returned on June 23, 2021. Brock was charged with a violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting) (Count One), in addition to five misdemeanors. In November 2022, the defendant was convicted of all counts following a bench trial before the Court. In March 2023, the Court sentenced the defendant to 24 months of incarceration on Count One, 12 months of incarceration on Counts 2 and 3, and 6 months of incarceration on Counts 4 through 6, all to run concurrently.

After the defendant appealed, in March 2024, the D.C. Circuit affirmed, based on then-controlling circuit precedent, the defendant's conviction in Count One for violating 18 U.S.C.

1

§ 1512(c)(2) conviction, but reversed the Court's ruling on a sentencing enhancement, vacated the defendant's sentence, and remanded. *United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024). The D.C. Circuit issued its mandate on April 23, 2024. ECF No. 122.

In June 2024, in *Fischer v. United States*, 144 S. Ct. 2176 (2024), the Supreme Court held that 18 U.S.C. § 1512(c)(2) applies only when a defendant impairs (or attempts to impair) the integrity or availability for use in an official proceeding of records, documents, objects, or "other things used in the proceeding." *Id.* at 2190. In July 2024, the defendant filed a motion to vacate his conviction in Count One pursuant to 28 U.S.C. § 2255, arguing that his conviction was contrary to *Fischer*. ECF No. 123. The government agreed that the defendant had been convicted using a legal standard that is no longer correct after *Fischer*, but maintained that the defendant is not entitled to collateral relief under Section 2255 because Section 2255 is limited to defendants who are "in custody under a sentence of a court," 28 U.S.C. § 2255, whereas the defendant in this case has not been resentenced. ECF No. 130 at 2. Instead, the government maintained, the appropriate remedy is for the defendant to file—and the Court to grant—a motion for a new trial under Federal Rule of Criminal Procedure 33.

## II.   The Parties' Positions

Government's Position: The Government adheres to the position it has set forth in its post-*Fischer* submissions in this case. Specifically, the government maintains that (i) the defendant's conviction in Count One was entered under a legal standard that is no longer correct after *Fischer*; (ii) the defendant is not eligible for relief under 28 U.S.C. § 2255, for the reasons set forth in the government's opposition to the defendant's Section 2255 motion (ECF No. 130); (iii) at the same

time, the defendant would be entitled to vacatur of his conviction in Count One (and to a new trial on that count) if he moved for a new trial under Rule 33; (iv) if the defendant does move for a new trial on Count One pursuant to Rule 33, the Court should grant the motion, and the government will, in turn, seek a retrial of the defendant on that count; (v) in contrast, if the defendant does not move for a new trial under Rule 33, his conviction should not be vacated, and the case should proceed to resentencing under the Guidelines interpretation adopted by the court of appeals in this case. To the extent the defendant intends, upon vacatur of his conviction, to file any oppositions to the retrial, the Government does not oppose additional briefing schedule on that issue.

Defendant's Position: Mr. Brock believes the 1512 conviction should be vacated under the Rule 52 theory relied upon in United States v. Carnell, 23-cr-139 used rather than Mr. Brock's initial proposal of vacating the conviction pursuant to section 2255 and the government's proposal that the conviction could be vacated pursuant to a defense Rule 33 motion.. Both of those proposals have legal problems that Rule 52 avoids. Mr. Brock requests a jury trial in July of 2025 with a briefing schedule for motions to dismiss. Mr. Brock is requesting a July trial date due to trials Counsel currently has scheduled for January through March, as well as May.[1] Specific case numbers can be provided for these trials if necessary.

If the Court agrees with the government that Rule 52 is not available to correct Mr. Brock's legally flawed conviction, Mr. Brock request the Court to impose a nominal sentence on the 1512

---

[1] The government respectfully disagrees that Federal Rule of Criminal Procedure 52 provides an independent ground to vacate the defendant's conviction. Subsections (a) and (b) of Rule 52 set forth the standard to review to be applied in reviewing claims of error that are, respectively, preserved (Rule 52(a)) and unpreserved (Rule 52(b)). Neither subsection supplies an independent ground or vehicle to raise a claim of error.

3

to allow Mr. Brock to then proceed with a 2255 motion within the deadline applicable to such motions. As stated in previous filings, this will resolve any ripeness concerns with vacating his conviction under 2255.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              UNITED STATES ATTORNEY

BY:    */s/ April Ayers-Perez*
           April Ayers-Perez
           Trial Attorney
           U.S. Attorney's Office for the District of Columbia
           601 D Street, N.W.
           Washington, D.C. 20001
           202-894-4237
           April.AyersPerez@usdoj.gov